UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GREGORY J. GREER,
a.k.a. Gregory J. Green,

       Plaintiff,

v.                                       Case No. 3:18-cv-193-J-32MCR

BILL LEEPER, Sheriff, et al.,

       Defendants.
_____

**ORDER**

Plaintiff, a pretrial detainee at the Nassau County Detention Center, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1) and a Motion for Leave to Proceed as a pauper (Doc. 4). In his Complaint, brought under 42 U.S.C. § 1983, Plaintiff names as Defendants (1) Sheriff Bill Leeper, (2) the Nassau County Sheriff's Office, and (3) Deputy Daniel Joseph Johns. He seeks an injunction and damages for an incident that occurred on January 11, 2018, in which Defendant Johns allegedly used excessive force against him. See Complaint at 5; Doc. 1-1 at 2-3.

Upon review of the Complaint, the Court opines that Plaintiff has failed to set forth his claims adequately. Thus, if Plaintiff desires to proceed with his claims, he must file an amended complaint. In doing so, Plaintiff should consider the following. To state a viable claim under 42 U.S.C. § 1983, a plaintiff must

allege that the conduct complained of was committed by a person acting under color of state law, and the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. In amending, Plaintiff must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation(s). If Plaintiff names defendants who hold supervisory positions or who are not directly involved in the day-to-day operations of the penal facility, such as the Sheriff, Plaintiff should be aware that supervisory liability (respondeat superior) has been rejected as a theory of recovery under § 1983. See Keith v. DeKalb Cty., Ga., 749 F.3d 1034, 1047 (11th Cir. 2014) (citing Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)).

Furthermore, the Nassau County Detention Center is not a legal entity amenable to suit under § 1983. Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit). "A correctional facility or the jail is not a proper defendant in a case brought under 42 U.S.C. § 1983." Monroe v. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) (citing Chapter 30, Florida Statutes); accord Mellen v. Florida,

No. 3:13-cv-1233-J-34PDB, 2014 WL 5093885, at *8 (M.D. Fla. Oct. 9, 2014).

Under "Basis for Jurisdiction" in section II, Plaintiff must state the specific constitutional right or federal law that each defendant allegedly violated. Plaintiff cites the 5th Amendment as the basis for jurisdiction and the source of Defendants' alleged constitutional violation. See Complaint at 3. Plaintiff is advised that a claim for excessive use of force against a pretrial detainee is properly analyzed under the due process clause of the 14th Amendment. To the extent Plaintiff alleges a violation of the 5th Amendment, his claim is not properly before the Court. See Kingsley v. Hendrickson, 135 S. Ct. 2466, 2477 (Scalia, J., dissenting) ("The Fifth Amendment applies only to federal actors."); Weiland v. Palm Bch. Cty. Sheriff's Office, 792 F.3d 1313, 1328 (11th Cir. 2015) ("The Fifth Amendment . . . protects a citizen's rights against infringement by the federal government, not by state government.").

In section IV, "Statement of Claim," Plaintiff must concisely, yet clearly, set forth the relevant facts regarding the incidents allegedly resulting in a constitutional violation.[1] Plaintiff's factual allegations should be set forth in the Civil

---

[1] He may attach additional pages to the complaint form, if necessary, but he must ensure that he includes page numbers on each page.

Rights Complaint Form or attached pages and not simply filed as a supplement or exhibit.[2] Plaintiff should separately number each allegation when describing the relevant facts and the Defendants' actions or inactions. Although Plaintiff is proceeding pro se, he must follow the Federal Rules of Civil Procedure. Rule 8(a) requires a pleading to include a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 10(b) requires all averments of the claim be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Finally, Plaintiff must sign and date the amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Plaintiff should carefully review the instructions in this Order

---

[2] Currently, Plaintiff's factual allegations are included only in an exhibit Plaintiff attached to his Complaint. See Doc. 1-1.

4

and on the Civil Rights Complaint Form to determine whether he can present allegations sufficient to state a cause of action under the relevant law.[3] If Plaintiff does not have a good-faith belief that he can state an actionable claim, he may voluntarily dismiss the action at any time.[4]

Accordingly, it is

**ORDERED:**

1. The **Clerk** is directed to send Plaintiff a Civil Rights Complaint Form.

2. If Plaintiff elects to file an amended complaint, he must do so no later than **May 24, 2018.** He should do so on the enclosed civil rights complaint form consistent with the directions given in this Order and the instructions on the form. Plaintiff is advised that the amended complaint will serve as the operative complaint in this action unless the Court otherwise orders. Thus, Plaintiff's amended complaint must contain all claims and allegations that he wishes to raise, and it must not refer back to the original Complaint. This case number (**3:18-cv-193-J-32MCR**) should be affixed to the civil rights complaint form,

---

[3] Knowingly making a false material declaration in violation of Title 18, United States Code, Section 1623, is punishable by a fine or imprisonment, or both.

[4] He should consider the running of the statute of limitations in making his decision.

and the words "Amended Complaint" should be written on the top of the form. When submitting an amended complaint, Plaintiff should submit a service copy of the complaint for each named defendant.

3. Plaintiff's failure to timely file an amended complaint as described in this Order or failure to submit one copy of the amended complaint for each named defendant will result in the dismissal of this case without further notice.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of April, 2018.

/s/ Monte C. R.
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Jax-6
c:
Gregory J. Greer, a.k.a., Gregory J. Green