UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GREGORY J. GREER,
a.k.a. Gregory J. Green,

        Plaintiff,

v.                                                  Case No. 3:18-cv-193-J-32MCR

DANIEL JOSEPH JOHNS,

        Defendant.
_____

## ORDER

**THIS CAUSE** is before the Court on its own motion. Plaintiff, a pretrial detainee at the Nassau County Detention Center, filed this civil rights action on February 1, 2018, and is proceeding in forma pauperis. Plaintiff filed an Amended Complaint (Doc. 12) on May 8, 2018, and a Second Amended Complaint (Doc. 27) (SAC) on July 9, 2018. In his SAC, Plaintiff alleges that Defendant Daniel Joseph Johns used excessive force against him on January 11, 2018, and then later retaliated against Plaintiff for filing this lawsuit. Plaintiff also attempts to re-assert claims against Sheriff Bill Leeper, naming him as a Defendant.[1]

Under the Prison Litigation Reform Act, a district court shall dismiss a complaint or any portion of a complaint if the court determines that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. See 28

---

[1] Plaintiff named Sheriff Leeper as a Defendant in his original complaint (Doc. 1) but not in his first amended complaint (Doc. 12).

U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court must liberally construe a pro se plaintiff's allegations. See Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam). Nevertheless, the court will not act as legal counsel for a pro se plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (per curiam) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's claims against Sheriff Leeper are subject to dismissal under this Court's screening obligation because Plaintiff has failed to state a claim against him. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) "that the defendant deprived [him] of a right secured under the Constitution or federal law, and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original). As this Court has previously informed Plaintiff (Doc. 11), in § 1983 cases, a plaintiff's claim against a defendant must be based on something more than the defendant's position as a supervisor of an employee who allegedly violated the plaintiff's constitutional rights. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Supervisor liability arises only "when the supervisor personally participates in

2

the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007) (internal quotation marks and citation omitted). Sheriff Leeper did not personally participate in the alleged incidents, and Plaintiff fails to allege facts that show the required causal connection to support a claim for supervisor liability. In fact, Plaintiff's SAC includes no factual allegations about Sheriff Leeper. Because Plaintiff does not state a claim against Sheriff Leeper, the Court will dismiss him from this action.

Accordingly, it is

**ORDERED**:

1. Defendant Sheriff Bill Leeper is **DISMISSED without prejudice**.

2. The **Clerk of Court** is directed to terminate Defendant Leeper from the docket.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of August, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-6
c: Gregory J. Greer, a.k.a., Gregory J. Green

3